LOGAN D. BIESINGER, ESQ.
Utah Bar No. 20137
PEEL BRIMLEY LLP
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89044
Telephone: (702) 990-7272
Facsimile: (702) 990-7273
lbiesinger@peelbrimley.com
*Attorney for Unforgettable Coatings of Utah Inc.*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| UNFORGETTABLE COATINGS OF UTAH INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BASF COATINGS LLC, a Delaware limited liability company; BASF CORPORATION, a Delaware corporation; SIKA CORPORATION, a New Jersey corporation; SMALLEY & COMPANY, a Colorado corporation; QXO, INC. fka BEACON ROOFING SUPPLY, INC., a Delaware corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | **COMPLAINT**<br>**(Tier 3)**<br><br>Civil Case No.<br>Judge: |

COMES NOW Plaintiff, UNFORGETTABLE COATINGS OF UTAH INC., a Utah corporation (hereinafter "UCUI") by and through its counsel, Logan D. Biesinger, Esq. of PEEL BRIMLEY LLP, and hereby submits the following Complaint.

### PARTIES, JURISDICTION AND VENUE.

1.       UCUI is and was at all times relevant to this action:

        a.       a Utah corporation duly authorized and qualified to do business in the State of Utah; and

b.      a duly licensed contractor holding Utah State Contractors License Nos. 7832401-5501 (B100 – General Building Qualifier and S270 – Drywall, Paint and Plastering), which license is in good standing.

2.      UCUI is informed, believes and therefore alleges that Defendant BASF COATINGS LLC (hereinafter "BASF Coatings"), is and was at all times relevant to this action a Delaware limited liability company duly authorized and qualified to do business in the State of Utah.

3.      UCUI is informed, believes and therefore alleges that Defendant BASF CORPORATION ("BASF Corp."), is and was at all times relevant to this action a Delaware corporation duly authorized and qualified to do business in the State of Utah.

4.      UCUI is informed, believes and therefore alleges that Defendant SIKA CORPORATION ("Sika"), is and was at all times relevant to this action:

a.      a New Jersey corporation; and

b.      manufacturer of former BASF branded products.

5.      BASF Coatings, BASF Corp. and Sika are hereinafter collectively referred to as "BASF".

6.      UCUI is informed, believes and therefore alleges that Defendant SMALLEY & COMPANY ("S&C"), is and was at all times relevant to this action a Colorado corporation.

7.      UCUI is informed, believes and therefore alleges that Defendant QXO, INC. fka BEACON ROOFING SUPPLY, INC. ("QXO"), is and was at all time relevant to this action:

a.      a Delaware corporation; and

b.      current owner of S&C.

8.      S&C and QXO are hereinafter collectively referred to as "QXO Defendants".

9.      BASF and QXO Defendants are hereinafter collectively referred to as the "Defendants".

10.     UCUI does not know the true names of the individuals, corporations, partnerships and entities sued and identified in fictitious names as DOES I through X and ROE CORPORATIONS I through X (hereinafter, collectively "Doe Defendants"). UCUI alleges that such Doe Defendants are responsible for damages suffered by UCUI as more fully discussed under the claims for relief set forth below. UCUI will request leave of this Honorable Court to amend this Complaint to show the true names and capacities of each such fictitious Defendant when UCUI discovers such information.

11.     The Court has jurisdiction under Utah Code Ann. § 78A-5-102.

12.     Venue is proper in this District pursuant to Utah Code Ann. § 78B-3a-201.

## STATEMENT OF FACTS

### The Project and S&C's and/or BASF's Plans & Specifications

13.     In or around early to mid-2020, Intermountain Health Services, Inc. ("Owner") commenced a renovation project (the "Project") at Intermountain Medical Center (the "Hospital") located at 5121 Cottonwood St., Murray, Utah 84107 (the "Property").

14.     Upon information and belief, Owner contracted with S&C to recommend and provide certain plans and specifications (the "Plans"), including product recommendations for certain coating and sealant work that was to be performed, for the Project.

15.     Based on S&C's knowledge and expertise, S&C recommended Owner use a myriad of different products including products manufactured by BASF.

16.     S&C then recommended Owner hire UCUI to apply the specified products at the Project.

**The Contract**

17.     On or about June 19, 2020, UCUI entered into a contract (the "Contract") with Owner whereby UCUI agreed to furnish and apply certain coatings (the "Work") to the Project.

18.     As part of UCUI's Work, Owner required that the Hospital's masonry surfaces be washed and coated with a sealant material (the "CMU Work").

19.     Per S&C's Plans, S&C and BASF recommended Owner purchase and use BASF H1000 sealer ("H1000") and BASF H185 ("H185") (collectively, the "Products") to complete the CMU Work.

20.     Based on S&C's and BASF's Plans and recommendations to Owner, the Products were purchased and UCUI applied them to the Hospital's various masonry and concrete masonry unit ("CMU") surfaces.

21.     Some time later, Owner requested that UCUI seal the Hospital's exterior insulation and finish system (the "EIFS System").

22.     However, the Plans did not contemplate and UCUI's original scope of work did not require the EIFS System to be sealed (the "EIFS Work").

23.     As a result, Owner requested that S&C and/or BASF provide supplemental plans, specifications and product recommendations to complete the EIFS Work.

24.     S&C and BASF then informed the Owner that BASF's H1000 could also be safely and effectively applied to the EIFS System to successfully complete the EIFS Work (the "Supplemental Plans").

25.     Per the Supplemental Plans and relying on the skill and trade knowledge of both S&C and BASF, UCUI then applied H1000 to the EIFS System.

26.     The Project was completed on or about June 8, 2021.

27.     Shortly thereafter, Owner began noticing that the exterior coating of the EIFS System started separating from the interior expanded poly styrene base ("EPS") of the EIFS System (the "Damaged EIFS").

**The Inspections**

28.     On or about June 25, 2021, Owner contacted JSR Services ("JSR"), a building envelope consultant, to inspect the Damaged EIFS.

29.     JSR observed that several areas of the EIFS System had begun to "slough off" the Hospital.

30.     In its report to Owner, JSR opined that the sealant UCUI used, as directed by S&C and BASF, was the "sole cause of the EIFS Damage" as "[a]ll of the EPS observed had evidence of being dissolved."

31.     JSR also confirmed that the sealants used on the Project were H1000 and H185, the very BASF products S&C and BASF approved for application on the EIFS System.

32.     Owner also hired Exponent, a forensic expert firm, to evaluate the EIFS Damage.

33.     Exponent concluded that the H1000 Product went through the EIFS System's outer coat and dissolved the interior EPS.

34.     In other words, the H1000 penetrated the exterior shell of the EIFS System and then dissolved the interior foam base of the EIFS System.

35.     To confirm causation of the EIFS Damage, Exponent took a sample of the H1000 and applied it directly to bare styrene and found that after seven days, the styrene had dissolved considerably.

36.     The test confirmed H1000 caused the EIFS Damage.

37.     Later, Owner's insurance carrier, Midwest Family Mutual Insurance Company ("MFMIC"), retained its own expert who also concluded that the application of H1000 was the cause of the damage to the EIFS System.

38.     All inspections showed, and Owner agreed, that the Damaged EIFS was not due to an improper application on the EIFS System, but rather the use of H1000.

39.     UCUI applied H1000 based solely on S&C's and/or BASF's Supplemental Plans, recommendation and direction.

**The Repair Costs**

40.     As a result of the EIFS Damage, and because UCUI is not licensed to install EIFS Systems, Owner was required to pay another contractor several hundred thousand dollars to remove and replace the Damaged EFIS (the "Repair Costs").

41.     Owner then pursued claims against UCUI for the Repair Costs.

42.     UCUI was obligated to pay Owner for the Repair Costs.

43.     As a result of S&C's and/or BASF's Supplemental Plans and recommendations to use the Products, UCUI incurred damages, including but not limited to, (i) payment of the Repair Costs to Owner, (ii) UCUI's supervision and overhead during testing, inspection and various repairs, (iii) significant attorneys' fees and costs incurred defending itself against Owner, (iv) lost business opportunities with Owner, and (v) harm to UCUI's business reputation and good-standing within the construction community, resulting in damages to UCUI totaling $488,000.00 (collectively, the "Damages").

## FIRST CAUSE OF ACTION
### (Implied Indemnity against Defendants)

44.     UCUI repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

45. BASF was the manufacturer and provider of the Products that caused the damage to the Hospital's EIFS System.

46. S&C and BASF specified and recommended use of the Products for the Hospital's EIFS System to complete the EIFS Work.

47. As a result of S&C's and BASF's Supplemental Plans, recommendation and direction to use the Products on the EIFS System, and the resulting damage it caused, Owner brought suit against UCUI.

48. As a result of Owner's claims against UCUI, UCUI incur the Damages.

49. Owner's claims against UCUI were entirely predicated upon S&C's and BASF's improper Supplemental Plans and recommendation to use the Products on the EIFS System.

50. UCUI is entitled to be indemnified for any and all losses incurred as a result of S&C's and BASF's Supplemental Plans and recommendations.

51. Defendants must reimburse UCUI for the Damages paid or incurred..

52. Due to the Defendants' actions, UCUI suffered the Damages, for which UCUI is entitled to judgment in an amount to be determined at trial.

53. UCUI has been required to engage the services of an attorney to collect its Damages, and UCUI is entitled to recover its reasonable costs, attorney's fees and interest therefor.

## SECOND CAUSE OF ACTION
### (Contribution against Defendants)

54. UCUI repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

55. UCUI is entitled to contribution or apportionment from Defendants for any damages it incurred or paid due to Owner's claims arising from the improper Supplemental Plans and recommendation of the Product.

56.     UCUI is entitled to contribution from Defendants in proportion to each Defendants' share of fault.

57.     UCUI is entitled to statutory contribution from each of the Defendants based on each of the Defendants' comparative fault.

58.     Due to the Defendants' actions, UCUI suffered damages in an amount in excess of the Damages, for which UCUI is entitled to judgment in an amount to be determined at trial.

59.     UCUI has been required to engage the services of an attorney to collect the Damages, and UCUI is entitled to recover its reasonable costs, attorney's fees and interest therefor.

## THIRD CAUSE OF ACTION
### (Negligence against Defendants)

60.     UCUI repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint, incorporates them by reference, and further alleges as follows:

61.     As the experts for the Products, Defendants owed a duty to UCUI to use their knowledge and expertise in providing recommendations to UCUI for the use of the Products on the Project.

62.     Defendants breached their respective duties by failing to provide an appropriate recommendation to complete the EIFS Work and for the inappropriate Supplemental Plans and recommendation for the use of the Products.

63.     Due to Defendants' breach of their duty, UCUI suffered the Damages, for which UCUI is entitled to judgment in an amount to be determined at trial.

64.     UCUI has been required to engage the services of an attorney to collect the Damages, and UCUI is entitled to recover its reasonable costs, attorney's fees and interest therefor.

## PRAYER FOR RELIEF

WHEREFORE, UCUI prays this Honorable Court:

1.      Enters judgment against the Defendants, and each of them, jointly and severally, in the amount of the Damages;

2.      Enters a judgment against the Defendants, and each of them, jointly and severally, for UCUI's reasonable costs and attorney's fees incurred in the collection of the Damages, as well as an award of interest thereon at the statutory rate;

3.      For such other and further relief as this Honorable Court deems just and proper in the premises.

DATED this _9th day of June, 2026.

PEEL BRIMLEY LLP

*/s/ Logan Biesinger*

LOGAN D. BIESINGER, ESQ.
Utah Bar No. 20137
3333 E. Serene Avenue, Suite 200
Henderson, Nevada 89044
lbiesinger@peelbrimley.com
*Attorneys for Unforgettable Coatings of Utah Inc.*